ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
DOUGLAS M. MILLER (SBN: 240398)
Assistant United States Attorney
NICOLA J. MRAZEK
JEFFREY A. GOLDBERG
Senior Trial Attorneys
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-2216
    Facsimile:  (213) 894-6436
    Email: douglas.m.miller@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 10-1031(A)-AHM |
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION TO COMPEL PRODUCTION OF ALL PROSECUTORS' COMMENTARY AND INSTRUCTIONS TO THE GRAND JURY |
| v. | |
| ENRIQUE FAUSTINO AGUILAR NORIEGA, ANGELA MARIA GOMEZ AGUILAR, KEITH E. LINDSEY, STEVE K. LEE, and LINDSEY MANUFACTURING COMPANY, | Hearing: April 19, 2011, 8:00 a.m. (Courtroom 14) |
| Defendants. | |

Plaintiff United States of America, by and through its attorneys of record, the United States Department of Justice, Criminal Division, Fraud Section, and the United States Attorney for the Central District of California (collectively, "the government"), hereby files its response to defendants' *Ex Parte* Application for an Order Compelling the Government to Produce All Prosecutors' Commentary and Instructions Made to the Grand Jury

in Obtaining the Original Indictment and the First Superseding Indictment. (Mot. #458). The government's response is based upon the attached memorandum of points and authorities, the attached exhibits, the files and records in this matter, as well as any evidence or argument presented at any hearing on this matter.

DATED:     April 18, 2011

                                      Respectfully submitted,

                                      ANDRÉ BIROTTE JR.
                                      United States Attorney

                                      ROBERT E. DUGDALE
                                      Assistant United States Attorney
                                      Chief, Criminal Division


                                                /s/
                                      DOUGLAS M. MILLER
                                      Assistant United States Attorney

                                      NICOLA J. MRAZEK
                                      JEFFREY A. GOLDBERG
                                      Senior Trial Attorneys
                                      Criminal Division, Fraud Section

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

The defendants have filed an *ex parte* application seeking to have the Court order the production of all of the government's commentary and instructions to the grand jury in connection with the original indictment and the first superseding indictment. (Mot. #458 at 2). They cryptically argue that they have identified several "material misrepresentations or misstatements" elicited by the prosecutor(s) and provided by Special Agent Susan Guernsey during the grand jury proceedings, and that those alleged matters warrant production of these materials. (Id. at 4). As explained below, however, the defendants specifiy only one alleged "material misrepresentations or misstatement" (presumably their "best" example) and this one item falls far short of providing a basis for the uncommon relief sought. Accordingly, the defendants' application should be denied.

**II.**

**ARGUMENT**

This Court has wide discretion to deny a request for the release of grand jury transcripts to criminal defendants. United States v. Caruto, 627 F.3d 759, 768 (9th Cir. 2010) (no error in denying defense motion to release voir dire of grand jurors); United States v. Plummer, 941 F.2d 799, 806 (9th Cir. 1991) (no error in denying defense motion to release full grand jury transcripts when defense had relevant portions); see Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 223 (1979) ("[A] court called upon to determine whether grand jury transcripts

should be released necessarily is infused with substantial discretion.").

Moreover, in the Ninth Circuit a district court should not release grand jury transcripts unless a defendant meets a three-pronged standard:

> The standards the district court should follow when lifting the secrecy of grand jury proceedings are (1) that the desired material will avoid a possible injustice, (2) that the need for disclosure is greater than the need for continued secrecy, and, (3) that only the relevant parts of the transcripts should be disclosed.

Plummer, 941 F.2d at 806; See also Douglas Oil, 441 U.S. at 222 ("Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed.").

In this case, the defendants have made an insufficient showing that the release of the entire grand jury proceedings "will avoid a possible injustice." The only basis the defendants provide for requesting these materials is the bald assertion that, in their view, numerous "material misrepresentations or misstatements" were made during the grand jury proceedings. (Id. at 3). Their supposed best example, however, contains no misrepresentation at all. (Id.).

In September 2010, Agent Guernsey testified under oath that the "standing" Letter of Authorization ("LOA") signed by the

-2-

defendant ANGELA MARIA GOMEZ AGUILAR ("ANGELA AGUILAR") also required an explanation of why ANGELA AGUILAR was paying Nestor Moreno's American Express charges. Agent Guernsey told the grand jury that the explanation that <u>ANGELA AGUILAR</u> provided was that Moreno was the brother-in-law of the owner of the Grupo account. The defendants now argue that this was a misrepresentation because at trial one of the government witnesses testified that the LOA explanation was actually provided by the defendant ENRIQUE AGUILAR. What the defendants ignore, however, is that the identification of ENRIQUE AGUILAR as the individual who actually provided this LOA explanation was not known to the government at the time Agent Guernsey testified before the grand jury in September 2010. Moreover, Agent Guernsey's determination that ANGELA AGUILAR was the one who provided the explanation was entirely reasonable given that (1) ANGELA AGUILAR's signature — and not ENRIQUE AGUILAR's signature — was on the LOA and (2) the "brother-in-law" explanation appeared directly above ANGELA AGUILAR's signature. (Ex. 1).

The defendants also argue that the examining prosecutor "built" on what they claim was Agent Guernsey's misrepresentation by asking a series of leading questions about whether the false explanation ("brother-in-law of the owner") was evidence that ANGELA AGUILAR had an ownership interest in Grupo. (Mot. 458 at 4). But as explained previously, there was no misrepresentation in the first place. Moreover, the use of leading questions in the grand jury is an entirely appropriate means of efficiently presenting evidence to the grand jury. <u>See</u>

-3-

Fed. R. Evid. 1101(d)(2); <u>United States v. R. Entreprises</u>, 498 U.S. 292, 298 (1991) ("Strict observance of trial rules in the context of a grand jury's preliminary investigation 'would result in interminable delay but add nothing to the assurance of a fair trial.'") (quoting <u>Costello v. United States</u>, 350 U.S. 359, 364 (1956); <u>United States v. Weiss</u>, 752 F.2d 777, 786 (2d Cir. 1985) (leading questions permitted in the grand jury).

Finally, the defendants argue that Agent Guernsey repeated the alleged misrepresentation when testifying before the grand jury on the first superseding indictment. Although at one point during her testimony Agent Guernsey mistakenly referred to "Enrique and Angela" as the ones who provided the false explanation for the LOA, she almost immediately corrected her testimony:

> What happened was the representative, his name was Eduardo Bustany that represented this account at Global for Grupo, he was contacted by <u>Enrique</u> asking them to open an American Express account in Nestor's name, and Bustany said, 'I can't do that. He has nothing to do with this account.' And <u>Enrique</u> told him, he said, 'He's my brother-in-law, and he's working for the company.' That was the explanation he gave Bustany. He just said the company. I would assume he's referring to Grupo because Bustany told him, 'I can't open this account. He has nothing to do with the company.' So that was the explanation given by <u>Enrique Aguilar</u>.

(RT 10/21/10, pp. 38-39) (emphasis added). Although the defendants might express "regret" and "grave concern" that no other action was taken by the prosecutor and Agent Guernsey, they cite no authority suggesting the government was required to do anything more than what it did: immediately correct the testimony

-4-

on the record. Therefore, because there was no misrepresentation made to the original grand jury and because it was made clear to the grand jury returning the first superseding indictment that ENRIQUE AGUILAR provided the false explanation for the LOA, the Court should deny the defendants' request for production of all of the grand jury proceedings in this case. See United States v. Murray, 751 F.2d 1528, 1533 (9th Cir. 1985) (rejecting a claim that a defendant's allegations of misconduct in original grand jury proceedings showed particularized need for grand jury transcripts when "[t]he claimed misconduct would not have compelled the dismissal of the first superseding indictment"). "Any irregularity in an original indictment has no effect on a subsequent indictment." United States v. Blair, 214 F.3d 690, 700 (6th Cir. 2000).

## III.

### CONCLUSION

For the foregoing reasons, the defendants' application should be denied in all respects.